IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHIL DARGHTY,

     Plaintiff,                       No. CIV S-08-2819 FCD GGH P

    vs.

S. CERVANTES,

     Defendant.                   <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action filed pursuant to 42 U.S.C. § 1983. On November 20, 2008, defendant removed this action from state court and filed a motion requesting that the court screen the complaint. Good cause appearing, this motion is granted. 28 U.S.C. § 1915(e)(2).

        The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

/////

/////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The only named defendant is Appeals Coordinator Cervantes. Plaintiff alleges that defendant Cervantes refused to process his administrative grievance after wrongly finding it duplicative of an earlier grievance. Plaintiff alleges that defendant violated his right to due process.

Prisoners have no due process right to the administrative grievance process. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Accordingly, plaintiff's due process claim is legally frivolous.

Plaintiff may also be alleging a claim for violation of his right to access the courts, based on the requirement that inmates exhaust administrative remedies prior to filing civil rights

1  actions in federal court.  To allege a constitutional violation of access to the courts, a prisoner
2  must demonstrate that he suffered an "actual injury."  Lewis v. Casey, 518 U.S. 343, 351, 116
3  S.Ct. 2174 (1996).  In the instant case, plaintiff alleges no actual injury based on defendant's
4  alleged failure to process his appeal.  Plaintiff does not allege, for example, that a federal court
5  rejected a complaint based on a failure to exhaust the claims raised in the at-issue grievance.
6         For the reasons discussed above, the complaint is dismissed with leave to amend.
7  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
8  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
9  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how
10 each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
11 is some affirmative link or connection between a defendant's actions and the claimed
12 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
13 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
14 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
15 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
16         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
17 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
18 amended complaint be complete in itself without reference to any prior pleading.  This is
19 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
20 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
21 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
22 original complaint, each claim and the involvement of each defendant must be sufficiently
23 alleged.
24         In accordance with the above, IT IS HEREBY ORDERED that:
25         1.  Defendant's motion for screening (no. 3) is granted;
26         2.  Plaintiff's complaint is dismissed with thirty days to file an amended

complaint; failure to file an amended complaint within that time will result in a recommendation of dismissal of this action; *the court will screen the amended complaint*.

DATED: December 3, 2008

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

dar2819.ame